## SHROWDERS vs. HARPER.

The plaintiff is competent to prove the *loss* and *manner of the loss* of a bond.
The proof is to the court who are to be satisfied of the loss before admitting secondary evidence.
The loss of a paper is first to be proved; then the execution in the same manner as if produced.

ACTION of debt to recover $650, the amount of certain bills and notes given by deft. to plaintiff, and which had been *destroyed*. Pleas, non est factum; payment, discount and set-off as to the counts on the bills; and as to counts on the promissory notes nil debet, payment, set-off and act of limitations. There were *twenty-four* counts in the narr.

The plff. called a witness to prove the contents of notes, &c.

*Frame*, for defendant. There is no profert of the notes, &c. Non est factum is pleaded and it puts plff. to the production of the deed. Profert is excused where the instrument is lost; but the loss must be first proved. The attesting witness must be called to prove the deed; or, if proof is made of its loss, secondary evidence is then admissible.

*Huffington*, for plaintiff. The destruction of the notes, &c. is not traversed by the pleadings, and therefore is admitted.

*Per curiam.*

Plff. must first prove the loss or destruction of the notes and bills declared on. Non est factum and nil debet put every thing in issue. The loss is stated in the narr to dispense with the necessity of profert; when the loss is proved; proof of execution must follow, and this must be made by subscribing witnesses exactly as if the paper was produced; or, if there be no instrumentary witness, then by proof of handwriting, &c.

The *plaintiff* was then offered to prove the loss or destruction of the notes, &c., and objected to.

*Frame.* To admit this testimony would be to permit the plaintiff to prove his whole case. The ordinary course of business is for a man to tear up, cancel or destroy a note when it is paid off; cancellation is itself prima facie evidence of payment. And shall the plff. himself by his own oath contradict this and set up such a paper? It would be a doctrine of extreme danger and not warranted by the authority of adjudged cases here or in England.

*Huffington.* The rule is one of necessity. If papers are burnt, lost by accident or destroyed, the party who was in possession at the time of the accident is the only one who can prove the loss. The party is allowed to prove the death of a subscribing witness; and if admissible (as the cases in this country go to establish) to prove the loss, he must from the same necessity be allowed to prove the *manner* of the loss, or destruction, as a part of the very transaction. 16 *Johns. Rep.* 193; 4 *Binney* 314, 38; 2 *Phillips' Ev.* 87, note. And this question is for the court and not for the jury. See also 2 *Stark. Ev.* 350, and in notes. 3 *Term*, 151.

*Per curiam.* The plaintiff may be examined to prove the loss and the manner of the loss of the papers declared on. In 1 *Atk. Rep.* 288, the party was allowed to prove the fraudulent possession which at once established the paper. The principle of that case and this is the same.

The plff. was then sworn and after he had deposed to the destruction,

*Frame* asked leave, before the case went further, to produce witnesses to impeach his credit.

*Per cur.* The loss or destruction of the instrument declared on must be made out as any other fact by *credible* testimony. The court have to be satisfied of the fact, and if the plff. can be shown to be unworthy of credit it is not proved to their satisfaction. The deft. is therefore at liberty, at this stage of the cause, to impeach the credit of the plaintiff.

On the suggestion of the court, however, the whole matter was by consent left to the jury, and the case proceeded.

Verdict for plaintiff.

*Huffington*, for plaintiff.
*Frame*, for defendant.